# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KINSALE INSURANCE COMPANY,<br><br>　　　　Defendant,<br><br>TRC OPERATING COMPANY, INC; AND TRC CYPRESS GROUP, LLC,<br><br>　　　　Real Parties in Interest. | Case No.: 1:20-cv-01085 NONE JLT<br><br>SCHEDULING ORDER[1] (Fed. R. Civ. P. 16)<br><br>Pleading Amendment Deadline:  2/22/2021<br><br>Discovery Deadlines:<br>　　Initial Disclosures: 12/10/2021<br>　　Non-Expert: 9/10/2021<br>　　Expert: 9/24/2021<br>　　Mid-Discovery Status Conference:<br>　　4/12/2021 at 8:30 a.m.<br><br>Non-Dispositive Motion Deadlines:<br>　　Filing:  10/7/2021<br>　　Hearing:  11/4/2021<br><br>Dispositive Motion Deadlines:<br>　　Filing:  10/7/2021<br>　　Hearing:  11/18/2021<br><br>Pre-Trial Conference:<br>　　1/13/2022 at 8:30 a.m.<br>　　Courtroom 4 |

---

[1] The Court finds the information provided by the parties in their Joint Scheduling Report and worksheet (Doc. 12) sufficient to schedule the matter without a hearing. Thus, the scheduling conference set for November 10, 2020 is VACATED.

1

### I. Magistrate Judge Consent: Notice of Congested Docket and Court Policy of Trailing

Due to the District Judges' heavy caseload, the adopted policy of the Fresno Division of the Eastern District is to trail all civil cases. The parties are hereby notified that for a trial before a District Judge, the parties will trail indefinitely behind any higher priority criminal or older civil case set on the same date until a courtroom becomes available.

The Magistrate Judges' availability is far more realistic and accommodating to parties than that of the U.S. District Judges who carry the heaviest caseloads in the nation and who must prioritize criminal and older civil cases over more recently filed civil cases. A United States Magistrate Judge may conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

The Fresno Division of the Eastern District of California, whenever possible, is utilizing United States Article III District Court Judges from throughout the nation as Visiting Judges. Pursuant to the Local Rules, Appendix A, reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial. **Within 10 days** of the date of this order, counsel **SHALL** file a consent/decline form (provided by the Court at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate Judge.

### II. Pleading Amendment Deadline

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **February 22, 2021**.

### III. Discovery Plan and Cut-Off Date

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **December 10, 2021**.

The parties are ordered to complete all discovery pertaining to non-experts on or before **September 10, 2021**, and all discovery pertaining to experts on or before **September 24, 2021**.

1   The parties are directed to disclose all expert witnesses, in writing, on or before **July 30, 2021**,
2   and to disclose all rebuttal experts on or before **August 27, 2021**. The written designation of retained
3   and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C)**
4   **and shall include all information required thereunder**. Failure to designate experts in compliance
5   with this order may result in the Court excluding the testimony or other evidence offered through such
6   experts that are not disclosed pursuant to this order.

7   The written designation of retained and non-retained experts shall **be made pursuant to Fed.**
8   **R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**.
9   Failure to designate experts in compliance with this order may result in the Court excluding the
10  testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

11  The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to
12  experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions
13  included in the designation. Failure to comply will result in the imposition of sanctions, which may
14  include striking the expert designation and preclusion of expert testimony.

15  The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement
16  disclosures and responses to discovery requests will be strictly enforced.

17  The parties have agreed the limits on the number of depositions permitted under Rule 33 of the
18  Federal Rules of Civil Procedure by one party to any other party shall be increased from 25
19  interrogatories to 75 interrogatories. (Doc. 12 at 4)

20  A mid-discovery status conference is scheduled for **April 12, 2021** at 8:30 a.m. before Judge
21  Thurston at the United States Courthouse located at 510 19th Street, Bakersfield, California. Counsel
22  SHALL file a joint mid-discovery status conference report one week before the conference. Counsel
23  also SHALL lodge the status report via e-mail to JLTorders@caed.uscourts.gov. The joint statement
24  SHALL outline the discovery counsel have completed and that which needs to be completed as well as
25  any impediments to completing the discovery within the deadlines set forth in this order. <u>Counsel</u>
26  <u>SHALL discuss settlement and certify that they have done so.</u> Counsel may appear via teleconference
27  by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's
28  Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than

3

five court days before the noticed hearing date.

### IV. Pre-Trial Motion Schedule

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **October 7, 2021**,[2] and heard on or before **November 4, 2021**. Non-dispositive motions are heard before the Honorable Jennifer L. Thurston, United States Magistrate Judge at the United States Courthouse in Bakersfield, California.

**No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend.** Likewise, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from the Court's calendar.**

Counsel may appear and argue non-dispositive motions via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

All dispositive pre-trial motions shall be filed no later than **October 7, 2021**, and heard no later than **November 18, 2021**, in Courtroom 4 at 8:30 a.m. In scheduling such motions, **counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

### V. Motions for Summary Judgment or Summary Adjudication

**At least 21 days before** filing a motion for summary judgment or motion for summary

---

[2] Non-dispositive motions related to non-expert discovery SHALL be filed within a reasonable time of discovery of the dispute, but in not later than 30 days after the expiration of the non-expert discovery deadline.

adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party **SHALL** initiate the meeting and **SHALL** provide a complete, proposed statement of undisputed facts **at least five days before** the conference.  The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true.  In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion, the moving party **SHALL** certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer. **Failure to comply may result in the motion being stricken.**

## VI.   Pre-Trial Conference Date

**January 13, 2022** at 8:30 a.m. in Courtroom 4.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further directed to submit a digital copy of their pretrial statement in Word format via email at NONEorders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

## VII.   Settlement Conference

The parties may file a joint written request for a settlement conference if they believe that such a conference would be fruitful.

**VIII. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable.

**IX. Related Matters Pending**

The Parties identify the following related matters pending in this Court and the state court:

1. *TRC, et al. v. Chevron, et al.,* Kern County Superior Court, Case No. S-1500-CV-282520,

2. *St. Paul Fire and Marine Insurance Company v. Kinsale Insurance Company*, United States District Court, Eastern District of California, Case No. 1:20- cv-00967-NONE-JLT. (Doc. 12 at 6)

**X. Compliance with Federal Procedure**

All counsel SHALL familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XI. Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

///

///

///

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **November 5, 2020**            **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE